ORIGINAL

FILED
SEP 7 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CAMILLE GROSDIDIER, ) Case No.
)
Personally and as class representative ) 06-622 C
) Judge
Plaintiffs )
)
v. )
)
THE UNITED STATES OF )
AMERICA )

Defendant

## ORIGINAL COMPLAINT

Now comes the Plaintiff, personally and on behalf of the class who, for her Original Complaint against the Defendant, the United States of America, state as follows:

## JURISIDICTION AND PARTIES

1. The Plaintiffs invoke the jurisdiction of this Court pursuant The Tucker Act (28 U.S.C. § 1491).

2. Plaintiffs' claims for damages are founded on The Tucker Act, 22 U.S.C. § 1474(1), 5 U.S.C. § 5596, and/or 5 U.S.C. § 2302.

3. Plaintiff is a citizen of the United States, a resident of the District of Columbia and an employee of the Board of Broadcast Governors, Voice of America, in the French to Africa Division.

4. The Defendant, via the Board of Broadcast Governors, is the Plaintiff's employer.

## BACKGROUND FACTS RELATED TO PLAINTIFF GROSDIDIER

5. The Board of Broadcast Governors, Voice of America, is authorized by 22 U.S.C. § 1474(1) to "employ … aliens within the United States and abroad for service in the United States relating to … the preparation and production of foreign language programs" only "when suitably qualified United States citizens are not available when job vacancies occur."

6. On or about May 22, 2002, Plaintiff Grosdidier applied for a GS-13 International Radio Broadcaster (IRB) position (GS-1001-13) under Vacancy Announcement No. IBB-1-02-120. Plaintiff Grosdidier was deemed qualified on or about June 20, 2002 and was interviewed for the position. On or about July 22, 2002, Plaintiff Grosdidier was not selected for the GS-13 IRB position, and instead a Haitian citizen, Henry Francisque was selected in her place.

7. On or about February 13, 2006, Plaintiff Grosdidier applied for a GS-13 IRB position, this time under Vacancy Announcement No. M/P-06-27. She was again deemed qualified for the position and interviewed. She was again passed over for selection in favor of a non-citizen, Timothee Donangmaye, a citizen of Chad.

## BACKGROUND FACTS RELATED TO THE CLASS

8. This class action suit is being brought pursuant to the Rule 23 of the Rules of the U.S. Court of Federal Claims.

9. The class includes all persons who, within the 6-year period of time preceding the filing date of this complaint, have: 1) applied for positions with the Board

of Broadcast Governors; 2) been deemed qualified (by being included on a Certificate of Eligible Candidates, Best Qualified list or the equivalent thereof); and 3) been denied the promotion in favor of a non-citizen.

10. The putative class is so numerous that joinder of all members is impractible.

11. Like Plaintiff Grosdidier, all members of the putative class referenced herein have been subjected to unlawful treatment in violation of 22 U.S.C. § 1474(1), in that despite being suitably qualified for the positions for which they had applied, they were passed over for selection in favor of non-citizens. As a result, the question of law: whether the Defendant's hiring practice violated 22 U.S.C. § 1474, is common to the class. Additionally, because the Plaintiff was subjected to the very treatment on which the class complaint is founded, her claim is typical of the claims of the class.

12. The Plaintiff is committed to protecting the interests of the class and has shown herself to be committed to the class by her own individual efforts, including significant outlays of funds for attorneys' fees to remedy the Defendant's unlawful hiring practices.

13. The Plaintiff has been informed of the differences between bringing a class action and bringing their actions individually, and the Plaintiff has agreed to subsume her individual action into the class.

14. Counsel for the Plaintiff is an experienced litigator in the areas of civil rights, the Tucker Act, and statutory interpretation, and has experience with class action litigation.

**COUNT I: INDIVIDUAL COUNT FOR VIOLATION OF 22 U.S.C. § 1474**

15. The Plaintiff incorporates by reference each of the foregoing paragraphs here.

16. By hiring non-citizens to the two GS-13 International Radio Broadcaster positions referenced herein, despite the fact that the Plaintiff was suitably qualified for both positions, the Defendant violated 22 U.S.C. § 1474, which prohibits it from hiring non-citizens when suitably qualified citizens are available.

17. As a result of the Defendant's unlawful conduct, the Plaintiff was denied selection to higher graded positions to which she would have otherwise been entitled but for the Defendant's unlawful conduct.

18. But for the Defendant's unlawful conduct, the Plaintiff would have been entitled to all of the benefits, including but not limited to the pay, of the GS-13 International Radio Broadcaster positions.

19. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered the loss of the benefits, including pay, of the GS-13 International Radio Broadcaster positions to which she was entitled.

**COUNT II: CLASS ACTION COUNT FOR VIOLATION OF 22 U.S.C. § 1474**

20. The Plaintiff incorporates by reference each of the foregoing paragraphs here.

21. By hiring non-citizens in the place of suitably qualified citizens, the Defendant has repeatedly violated 22 U.S.C. § 1474, which prohibits it from hiring non-citizens when suitably qualified citizens are available.

22. As a result of the Defendant's unlawful conduct, the members of the class have been denied selection to positions to which each would have otherwise been entitled, but for the Defendant's unlawful conduct.

23. But for the Defendant's unlawful conduct, the members of the class would have been entitled to all of the benefits, including but not limited to the pay, of the positions to which each had applied.

24. As a result of the Defendant's unlawful conduct, the members of the class have suffered the loss of the benefits, including pay, of the positions to which each was entitled.

WHEREFORE, Plaintiff and class respectfully request that judgment be entered against the United States of American and that this Court award them damages in an amount equal to the benefits of employment to which they would have been entitled but for the Defendant's unlawful conduct. Plaintiff and class additionally request an order placing them in the grade (and appropriate step) of the positions to which each was entitled but for the Defendant's unlawful conduct and granting them all other appropriate relief.

Respectfully Submitted,

Date: September 7, 2006

Leslie D. Alderman (Admitted April, 2003)
ALDERMAN & DEVORSETZ, PLLC
1025 Connecticut Ave., NW Suite 1000
Washington, D.C. 20036
202-969-8220 (tel.)
202-969-8224 (fax)
lalderman@a-dlaw.com