IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAMILLE GROSDIDIER,<br>Personally and as class representative,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 06-622C<br>(Judge George W. Miller) |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. As we establish below, the Court lacks subject matter jurisdiction to consider the Back Pay Act and the Civil Service Reform Act claims raised in this matter. In support of our motion, we rely upon the complaint, the following memorandum of law, and the attached appendix.

ISSUE PRESENTED

Whether this Court lacks subject matter jurisdiction to entertain plaintiff's Back Pay Act And Civil Service Reform Act claims.

STATEMENT OF THE CASE

I. Nature Of The Case

Plaintiff, Camille Grosdidier, brings this action upon her behalf, and upon behalf of those similarly situated, pursuant to the Tucker Act, 28 U.S.C. § 1491; the Back Pay Act, 5 U.S.C. § 5596; the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2302; and 22 U.S.C. §1474(1). Ms. Grosdidier claims that the Broadcasting Board of Governors ("BBG") engaged in a

prohibited personnel practice when it appointed non-United States citizens to positions for which Ms. Grosdidier, a United States citizen, claims she was suitably qualified and, therefore, should have been appointed to in accordance with 22 U.S.C. § 1474(1). Comp. ¶¶16, 21.

## II. Statement Of Facts[1]

Ms. Grosdidier was first employed by the Voice of America ("VOA") in 1987 as a non-supervisory International Radio Broadcaster ("IRB") with the French to Africa Branch. On May 10, 2002, a supervisory IRB position in the French to Africa Branch was advertised under Vacancy Announcement IBB-1-02-120. See Exhibit 1, Vacancy Announcement IBB-1-02-120 package. Ms. Grosdidier, as well as three other candidates, submitted an application package. Id. An independent panel rated each application package. Id. Henry Francisque received the highest rating and was recommended for the position by the panel. Id. Claude Porsella selected Mr. Francisque for the position. Id. Subsequently, Ms. Grosdidier filed a formal complaint of discrimination, in which she alleged that she was discriminated against upon the basis of gender and reprisal when she was not selected for the position. Id. Ms. Grosdidier's complaint was ultimately considered by an administrative judge ("AJ") of the Equal Employment Opportunity Commission ("EEOC"), who issued a decision in the BBG's favor. Id. Ms. Grosdidier did not appeal from the AJ's decision to the full EEOC or to a federal district court.

On February 3, 2006, an International Broadcaster ("IB") position in the French to Africa Branch was advertised under Vacancy Announcement M/P-06-27. See Vacancy Announcement M/P-06-27 packet, attached hereto as Exhibit 2. Ms. Grosdidier, as well as five other candidates,

---

[1] For the purposes of this motion only, we assume that the facts stated in the complaint are true. Should our motion be denied, we reserve the right to contest the facts alleged in the complaint

submitted an application package. Id. An independent panel rated each applicant based upon an interview and a review of the application packages. Id. Timothee Donagmaye received the highest rating and was recommended for the position by the panel. Id. Idirssa Dia selected Mr. Donagmaye for the position. Id. On July 5, 2006, Ms. Grosdidier filed another formal complaint of discrimination with the BBG in which she alleged that she was discriminated against upon the basis of race (white), gender (female), national origin (American), and reprisal when she was not selected for the position. Id. Ms. Grosdidier's current discrimination complaint claim also contains allegations that the BBG violated 22 U.S.C. § 1474(1) when it selected Mr. Donagmaye, a non-citizen, for the position. Id. Neither of the above referenced discrimination complaints were filed, or processed, as a mixed case before the Merit Systems Protection Board ("MSPB").

On September 7, 2006, Ms. Grosdidier filed a complaint in this Court. In her complaint, Ms. Grosdidier sets forth the same claims that she has raised in her discrimination complaints. Ms. Grosdidier has never sought a determination from the BBG, the Merit Systems Protection Board, or other Federal court, as to whether the BBG engaged in a prohibited personnel practice when it failed to appoint her to the positions for which she applied, or when the BBG appointed non-citizens to positions for which there were qualified United States citizen applicants.

## SUMMARY OF ARGUMENT

Ms. Grosdidier's complaint, seeking a determination by this Court that the BBG engaged in prohibited personnel practices, and relief pursuant to the Back Pay Act, and the Civil Service Reform Act, plainly fall outside the scope of this Court's subject matter jurisdiction and, accordingly, should be dismissed.

## ARGUMENT

I. Standard Of Review

A plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true, and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). If the undisputed facts reveal any possible basis upon which the non-moving party might prevail, the Court must deny the motion. Id. If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the Court may consider relevant evidence in order to resolve the factual dispute. Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003) aff'd, 378 F.3d 1324 (Fed. Cir. 2004) (citing Rocovich v. United States, 933 F.2d 911, 994 (Fed. Cir. 1991); Lewis v. United States, 32 Fed. Cl. 59, 62 (1994)).

II. This Court Does Not Possess Jurisdiction To Make Determinations Of Prohibited Personnel Practices Or Grant Relief Pursuant To The Civil Service Reform Act Or The Back Pay Act.

Ms. Grosdidier relies upon the Civil Service Reform Act, 5 U.S.C. § 2302, the Back Pay Act, 5 U.S.C. § 5596, and the Broadcasting Board of Governor's hiring authority pursuant to 22 U.S.C. 1474(1), as a basis for this Court's Tucker Act jurisdiction. Because the Court of Federal Claims is a court of limited jurisdiction, all claims brought before the Court must strictly satisfy the elements of its jurisdictional statute. The underlying remedial statute upon which Tucker Act jurisdiction in based must be facially interpreted as mandating compensation by the Federal Government for damages sustained to an injured party. Shelleman v. United States, 9 Cl. Ct. 452, 455 (1986). Where operative elements of the Tucker Act are not satisfied, the Court

is without subject matter jurisdiction to review the substantive issues raised. Id.

The obligation to pay compensation under the Back Pay Act specifically, and the Civil Service Reform Act generally, is dependent upon a prior determination by an appropriate authority that the personnel action complained of was prohibited. Id at 456. In other words, the Back Pay Act and the Civil Service Reform Act are derivative in their reliance upon other regulations and statutes to establish the jurisdiction of the Court of Federal Claims. Id. Thus, derivative statutes do not, ipso facto, create a viable right of action in the Court of Federal Claims. Id. A plaintiff must, therefore, demonstrate that an appropriate authority determined that the personnel action claimed was in fact a prohibited personnel practice. Id. The Supreme Court has held that the Court of Federal Claims (and any other court relying upon Tucker Act jurisdiction) is not an "appropriate authority" to review an agency's personnel determinations. United States v. Fausto, 484 U.S. 439, 454 (1988). Rather, the appropriate authority includes the Federal agency engaged in the alleged prohibited action, or the Merit Systems Protection Board. Id.

Significantly, this Court has repeatedly held that the MSPB possesses exclusive jurisdiction with respect to Federal personnel actions. "The CSRA effected a sweeping reorganization of the Civil Service System such that the MSPB became the primary and sole vehicle for adjudicating an employee's allegations of prohibited personnel practice at the first instance. Shelleman, 9 Cl. Ct. at 457-58. See also Berry v. United States, 27 Fed. Cl. 96 (1992); Conteras v. United States, 64 Fed. Cl. 583 (2005). If a plaintiff has a right of action at the MSPB, that right consequently forecloses the plaintiff's right to bring a cause of action in the Court of Federal Claims. Shelleman, 9 Cl. Ct. at 458.

Under the CSRA, both Federal employees and applicants to Federal positions have the

right to file an action with the MSPB that alleges that a Federal Agency engaged in a prohibited personnel action, including prohibited actions involving promotions and appointments. 5 U.S.C. §§ 2301(b)(2), 2302(a)(2)(A)(i-ii). Here, since Ms. Grosdidier is a Federal employee, and the alleged prohibited personnel actions involve promotions to new positions, Ms. Grosdidier has a right of action with the MSPB. Since Ms. Grosdidier has a right of action before the MSPB, she is foreclosed from pursuing her claim in this Court. Ms. Grosdidier has never filed a complaint or mixed action complaint with the MSPB regarding the alleged prohibited personnel actions.

Even assuming that Ms. Grosdidier claims that the Tucker Act jurisdiction is based solely upon the BBG's alleged violation of its hiring authority pursuant to 22 U.S.C. § 1474(1), this Court would still be without subject matter jurisdiction. As stated above, this Court's jurisdiction rests upon an underlying statute that upon its face mandates compensation for damage sustained by an injured party. Shelleman, 9 Cl. Ct. at 455. Because 22 U.S.C. § 1474(1), does not contain any provision that can be facially interpreted as requiring compensation in the event the BBG incorrectly appointed a non-citizen in place of citizen, this Court does not possess subject matter jurisdiction to entertain Ms. Grosdidier's claim.

Likewise, the class claims alleged fail for the same reasons discussed above. Clearly if Ms. Grosdidier's claim does not meet the subject matter jurisdiction requirements of this Court, any class claims suffer from the same defects and, accordingly, should be dismissed.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.[2]

---

[2] In the event the Court denies our motion to dismiss the complaint, we respectfully request 30 days from the date of such denial within which to file our answer to the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

OF COUNSEL:

ELIZABETH PARISH
Assistant General Counsel
Office of General Counsel
Broadcasting Board of Governors
The Cohen Building
330 Independence Ave., SW
Washington, D. C. 20237

December 13, 2006