IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAMILLE GROSDIDIER,<br><br>Personally and as class representative,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-622C<br>(Judge George W. Miller) |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully submits this reply to the opposition to our December 13, 2006 motion to dismiss for lack of subject matter jurisdiction filed by plaintiff, Camille Grosdidier. In our moving brief, we demonstrated that the Court does not possess subject matter jurisdiction to entertain Ms. Grosdidier's claim under the Tucker Act; the Back Pay Act; the Civil Service Reform Act ("CSRA"); and the Broadcasting Board of Governor's authority to hire non-U.S. citizens contained in 22 U.S.C § 1474(1).[1]

Ms. Grosdidier concedes that her claims are not within the CSRA because she is not alleging that she was subjected to a "prohibited personnel practice."[2] Plaintiff's Opposition to

[1] While the case is ostensibly brought by Ms. Grosdidier "as class representative," this matter has not been certified as a class action.

[2] While Ms. Grosdidier maintains that she is not bringing this action pursuant to the CSRA, she cites the CSRA in paragraphs 16 and 20 of her complaint. Arguably, however, Ms. Grosdidier's claim could fall under 5 U.S.C. § 2302(b)(6), which provides for a cause of action where an agency grants a preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for any position) for the purpose of improving or injuring the prospects of any particular person for employment.

Defendant's Motion To Dismiss ("Pl. Op.") at 1, 3 at n. 2. Ms. Grosdidier, however, maintains that the Court's jurisdiction is premised upon her allegation that the agency hired an alien rather than Ms. Grosdidier, a suitably qualified U.S. citizen, in violation of 22 U.S.C. § 1474(1), thereby depriving her of the pay and benefits of the position to which she was entitled, recovery of which is covered under the Tucker Act. Pl. Opp. at 1-2.

## ARGUMENT

### This Court Does Not Possess Jurisdiction To Entertain Ms. Grosdidier Claim Under The Back Pay Act Or 22 U.S.C § 1474

Ms. Grosdidier argues that her claim is based upon the Tucker Act's granting of jurisdiction for this Court to entertain a challenge to an Act of Congress, and that 22 U. S. C § 1474 is such an Act. Pl. Op. at 10-11. Ms. Grosdidier further contends that because her claims do not fall within the CSRA, this Court possess the authority to make an award pursuant to the Back Pay Act. Id.

As demonstrated in our motion, the underlying remedial statute upon which Tucker Act jurisdiction is based must be facially interpreted as mandating compensation by the Federal Government for damages sustained to an injured party. Shellman v. United States, 9 Cl. Ct. 452, 455 (1986). See also United States. v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (citing U.S. v. Mitchell, 463 U.S. 206, 217 (1983))([i]n order to fall under Tucker Act jurisdiction, "a statute creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained"). The agency's hiring authority pursuant to 22 U.S.C

§ 1474(1) cannot be fairly interpreted as mandating compensation by the Federal Government. Section 1431 of title of the United States Code provides as follows:

> In carrying out the provisions of this Act [.], the Secretary, or any Government agency authorized to administer such provisions, may—
> Employ, without regard to the civil service and classification laws, aliens within the United States and abroad for service in the United States relating to the translation or narration of colloquial speech in foreign languages or the preparation and production of foreign language programs when suitably qualified United States citizens are not available when job vacancies occur, and aliens so employed abroad may be admitted to the United States, if otherwise qualified, as nonimmigrants under section 101(a)(15) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(15)) for such times and under such conditions and procedures as may be established by the Director of the international Communication Agency and the Attorney General;

To contend that this provision, upon its face, can be interpreted as mandating compensation by the Federal Government is clearly wrong. Moreover, the Back Pay Act is derivative in its application and cannot serve as a jurisdictional statute in and of itself. United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983)(citation omitted). As the Federal Circuit noted, "[t]he Back Pay Act is such a money mandating statute (as to fall within the Tucker Act's jurisdictional grant) when based on violations of statutes or regulations covered by the Tucker Act." Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999). The agency's hiring authority does not provide the basis for Tucker Act jurisdiction, and, thus, the Back Pay Act's ability to serve as a "money-mandating" statute, because it fails to "fairly" provide for monetary compensation. Ms. Grosdidier's claim, therefore, that this Court possesses subject matter jurisdiction to consider her claims based upon the Back Pay Act must also fail.

Ms. Grosdidier asserts that the Government's position that the Tucker Act requires "an underlying statute that upon its face mandates compensation for damage sustained by an injured party," is incorrect. Pl. Opp. at 11. According to Ms. Grosdidier, under United States v. White Mountain Apache Tribe, 527 U.S. 465 (2003), the agency has a duty to hire qualified citizens when available for positions as stated in 22 U.S.C. § 1474. Pl. Opp. at 11-12. Ms. Grosdidier's relaiance upon White Mountain Apache Tribe is misplaced.

Ms. Grosdidier, relying upon White Mountain Apache Tribe, 537 U.S. at 477, states that unless there "are affirmative reasons to believe no damages remedy could have been intended absent a specific provision" – there is a "fair inference that the law was meant to provide a damage remedy for breach of a duty." Pl. Opp. at 12. Ms. Grosdidier neglects to cite the latter part of that sentence which reads: "Sheehan and Testan are not to the contrary; they were cases without any trust relationship in the mix of relevant fact, but with affirmative reasons to believe that no damages remedy could have been intended, absent a specific provision." White Mountain Apache Tribe, 537 U.S. at 477. In White Mountain Apache Tribe, the Court found that a fair inference did exist for a damage remedy, although it was not explicit in the statute. Id. The Court determined this based upon the fiduciary and trust relationship created by the United States holding land in trust for the tribe.

The cases which are distinguished in White Mountain Apache Tribe provide support for our position here. In Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728 (1982), the Court stated: "The Court explicitly rejected the argument that "the violation of any statute or regulation relating to federal employment automatically creates a cause of action against the United States for money damages." Sheehan, 456 U.S. at 739 (citing United States v. Testan, 424 U.S. 392,

401 (1976). As discussed above, a fair inference reading of 22 U.S.C. § 1474 leads to the inescapable conclusion that Congress did not intend to mandate money damages for an agency's failure to follow the provisions of the statute. Additionally, the Court cannot grant monetary relief for the loss of a position to which a Federal employee has not been appointed. Westover v. United States, 71 Fed. Cl. 635 (2006). Because Ms. Grosdidier seeks as damages the compensation that she would have received if she had been appointed to the position for which she applied, Westover is another bar to her complaint.

Finally, Ms. Grosdidier's reliance upon Fisher v. United States, 402 F.3d 1167 (Fed. Cir. 2005), is misplaced. Ms. Grosdidier asserts that "the statute is money-mandating because when the requirements of the statute are met-the member is entitled to compensation . . . whatever procedural remedies were necessary to achieve that result [t]he Court of Federal Claims is fully empowered to grant." Id. Contrary to Ms. Grosdidier's assertion, this statement does not apply to all statutes. The statute at issue in Fisher is one in which damages are explicitly stated. Id. Thus, Ms. Grosdidier's argument that the agency's non-citizen hiring authority serves as a basis for subject matter jurisdiction is flawed.

## CONCLUSION

For the foregoing reasons, we respectfully request the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

ELIZABETH A. PARISH
Assistant General Counsel
Office of General Counsel
Broadcasting Board of Governors
330 Independence Ave., S.W.
Washington D.C. 20237

s/Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

March 5, 2007

Attorneys for Defendant